

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 JUN 22  P 3: 49

| | |
|---|---|
| **Vincent L. Barr**, # 245797<br>(*formerly* Vincent Barr # 45035), | ) **C/A No. 2:05-1725-CMC-RSC**<br>)<br>) |
| Plaintiff, | )<br>) **Report and Recommendation** |
| **vs.** | )<br>) |
| **G. Thomas Cooper**, South Carolina Circuit Judge;<br>**J. Earnest Kinard, Jr.**, South Carolina Circuit Judge;<br>**Barbara Scott**, Clerk of Court for Richland County;<br>**Vincent Smith**, Assistant Solicitor; and<br>**Henry D. McMaster**, Attorney General of South Carolina, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

# *Background of this Case*

The plaintiff is an inmate at the Manning Correctional Institution of the South Carolina Department of Corrections (SCDC). He has submitted the above-captioned civil rights action under 42 U.S.C. § 1983.[1] Defendants Cooper and Kinard are South Carolina Circuit Judges. Judge Cooper is the

---

[1]The Office of the Clerk of Court has recently implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1

Circuit Judge who presided over the plaintiff's guilty plea and sentencing. Judge Kinard is the Chief Administrative Judge for the Fifth Judicial Circuit. Barbara Scott is the Clerk of Court for Richland County. Vincent Smith is an Assistant Solicitor for the Fifth Circuit Solicitor's Office. Henry McMaster is the Attorney General of the State of South Carolina. The Office of the Attorney General represents the State of South Carolina in direct appeals and post-conviction cases filed by prisoners.

Information on the South Carolina inmate database available on the LEXIS® service reveals that the plaintiff was convicted, in the Court of General Sessions for Richland County, of breaking into a vehicle and was sentenced to four (4) years in prison:

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***
SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
SOUTH CAROLINA INMATES

Name: BARR, VINCENT

\* \* \*

***** SENTENCE INFORMATION *****

Inmate Number: 00245797
County of Conviction: RICHLAND
Location: MANNING CORR INST
Offense: BREAKING INTO MOTOR VEH
Sentence Length: 4 YEARS
Sentence Total: 4 YEARS

2

Sentence Begin Date: 5/4/2004
Parole Date: 5/6/2006
Sex Offender Registration Required: NO
Inmate Status: INCARCERATED

(South Carolina Inmate Database on LEXIS® service, downloaded on June 20, 2005).[2]  The South Carolina Inmate Database on the LEXIS® service also reveals that the plaintiff was on May 13, 2003, paroled on a four-year sentence relating to a prior conviction for possession of cocaine entered in the Court of General Sessions for Williamsburg County.

The"STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the plaintiff's guilty plea and sentencing proceeding held before Judge Cooper in the Court of General Sessions for Richland County on April 27, 2004.  Judge Cooper sentenced the plaintiff to four (4) years in prison.  The plaintiff states that he filed a motion to withdraw guilty plea on April 30, 2004.[3]  The Court of General Sessions has not ruled

---

[2]In accordance with the policy of the Judicial Conference's privacy policy, this quotation omits personal identifiers.

[3]The plaintiff's attention is directed to State v. Stuckey, 333 S.C. 56, 508 S.E.2d 564, 1998 S.C. LEXIS® 154 (1998), where the Supreme Court of South Carolina held that persons represented by attorneys had no right to file pro se motions:

PER CURIAM.

Appellant submitted a pro se initial brief and designation of matter on appeal and moved this Court to incorporate his initial brief with the initial brief that Robert
(continued...)

(...continued)

Dudek of the South Carolina Office of Appellate Defense will file on his behalf. In his motion, appellant states that his Sixth Amendment right to the assistance of counsel does not abridge his right as "a pro se litigant to file forth issues on [his] behalf." In essence, appellant asserts a Sixth Amendment right to hybrid representation or representation which is partially pro se and partially by counsel.

The Sixth Amendment guarantees a right to counsel and competent representation by counsel. E.g., McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Concurrent with the right to the assistance of counsel is the right to self-representation after a knowing and intelligent waiver of the right to counsel. E.g., Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The United States Supreme Court has not expressly stated whether the Sixth Amendment also provides a right to hybrid representation. However, "Faretta does not require a trial judge to permit 'hybrid' representation.... A defendant does not have a constitutional right to choreograph special appearances by counsel." McKaskle v. Wiggins, 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122, 136 (1984). Since the matter of hybrid representation is left to the discretion of the trial judge, then, by implication, there is no Sixth Amendment right to hybrid representation. Accord State v. Rickman, 148 Ariz. 499, 715 P.2d 752 (Ariz.1986); People v. Arguello, 772 P.2d 87 (Colo.1989); Johnson v. State, 246 Ga. 126, 269 S.E.2d 18 (Ga.1980); State v. Thomas, 331 N.C. 671, 417 S.E.2d 473 (N.C.1992).

Furthermore, this Court has previously held that there is no right under the South Carolina Constitution to hybrid representation. Foster v. State, 298 S.C. 306, 379 S.E.2d 907 (1989); State v. Sanders, 269 S.C. 215, 237 S.E.2d 53 (1977). Since there is no right to hybrid representation, substantive documents filed pro se by a person represented by counsel are not accepted unless submitted by counsel. Foster, 298 S.C. at 307, 379 S.E.2d at 907.

Here, appellant, who is represented by counsel, attempted to file a substantive document relating to his case. Since this document was not submitted through counsel, it is not appropriate for consideration by this Court. Nothing in this order shall be construed to limit any party's right to file a pro se motion seeking to relieve his counsel, nor shall it in any way limit a party's right to file a brief in cases submitted pursuant to the procedures established in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

(continued...)

4

on the motion.  The plaintiff also states that he has filed an application for

post-conviction relief.

# *Discussion*

Under established local procedure in this judicial district, a careful

review has been made of the *pro se* complaint pursuant to the procedural

provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation

Reform Act.   The review has been conducted in light of the following

precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct.

1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319,

324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519

(1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995

U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S.

---

(...continued)
    IT IS SO ORDERED.

State v. Stuckey, supra, 333 S.C. at 57-58, 508 S.E.2d at 564-565 (quotation downloaded
from WESTLAW®).  *See also* Koon v. Clare, 338 S.C. 423, 527 S.E.2d 357, 2000 S.C.
LEXIS® 18 (2000).  If the plaintiff filed his motion to withdraw guilty plea *pro se*, the filing
would have been a nullity if his public defender was still listed as counsel on record in his
criminal case.

1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996);

Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595

F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct

an initial screening of a *pro se* filing).[4]  *Pro se* complaints and petitions are

held to a less stringent standard than those drafted by attorneys, Gordon v.

Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439

U.S. 970 (1978), and a federal district court is charged with liberally

construing a complaint or petition filed by a *pro se* litigant to allow the

development of a potentially meritorious case.  *See* Hughes v. Rowe, 449

U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319

(1972).  When a federal court is evaluating a *pro se* complaint or petition, the

plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of

New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent

standard, the § 1983 complaint is subject to summary dismissal.  The

requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim currently

---

[4]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

cognizable in a federal district court. <u>Weller v. Department of Social Services</u>, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is challenging his conviction and sentence for breaking into a vehicle, this case is subject to summary dismissal because a right of action has not yet accrued. *See* <u>Heck v. Humphrey</u>, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck v. Humphrey</u>, 512 U.S. at 486-487 (footnote omitted). *See also* <u>Woods v. Candela</u>, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, <u>Candela v. Woods</u>, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); <u>Treece v. Village of Naperville</u>, 903

F. Supp. 1251 (N.D.Ill. 1995); <u>Seaton v. Kato</u>, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and <u>Smith v. Holtz</u>, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, <u>Wambaugh v. Smith</u>, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Until the plaintiff's conviction or sentence is set aside, any civil rights action based on the conviction, sentence, and related matters will be barred because of the holding in <u>Heck v. Humphrey</u>, <u>supra</u>. Even so, the limitations period will not begin to run until the cause of action accrues. *See* <u>Benson v. New Jersey State Parole Board</u>, 947 F. Supp. 827, 830 & n. 3, 1996 U.S.Dist. LEXIS® 18335 (D.N.J. 1996)(following <u>Heck v. Humphrey</u>: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and <u>Snyder v. City of Alexandria</u>, 870 F. Supp. 672, 685-688, 1994 U.S.Dist. LEXIS® 17230 (E.D.Va. 1994).

With respect to his conviction and sentence, the plaintiff's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2254, which remedies can be sought only after the plaintiff has

exhausted his state court remedies.  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas.  Claims not so raised are considered defaulted."    Beard v. Green, 523 U.S. 371, 375, 1998 U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)). See also 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Picard v. Connor, 404 U.S. 270 (1971); and Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)(exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), cert. denied, Matthews v. Moore, 522 U.S. 833, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims.  Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.  The burden of proving that a claim has been exhausted lies with the petitioner.

9

The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

Matthews v. Evatt, 105 F.3d at 910-911 (citations omitted from quotation).

There is no indication in the complaint whether a direct appeal was filed in the plaintiff's criminal case. It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352 (1989). Although the time for the plaintiff to file a direct appeal in his criminal case has expired, he can, nonetheless, file an application for post-conviction relief. See § 17-27-10, et seq., South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. See § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 et seq., South Carolina Code of Laws, is also a viable state-court remedy. See Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), cert. denied, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), cert. denied, 434 U.S. 929 (1977). Since the plaintiff discloses that he has filed an

10

application for post-conviction relief, he is already utilizing this viable state court remedy.[5]

As earlier stated, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and <u>Knight v. State</u>, *supra*. In fact, if a Court of Common Pleas denies the South Carolina prisoner's application for post-

---

[5]In the complaint, the plaintiff also refers to the actions of his Public Defender, who is not named as a defendant. In an application for post-conviction relief, the plaintiff can raise issues relating to ineffective assistance of counsel. *See* <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); <u>Brightman v. State</u>, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164 (1999); <u>Davis v. State</u>, 336 S.C. 329, 520 S.E.2d 801, 1999 S.C. LEXIS® 153, 1999 WESTLAW® 672669 (1999); <u>Green v. State</u>, 338 S.C. 428, 527 S.E.2d 98, 2000 S.C. LEXIS® 27 (2000)(affirming Court of Common Pleas determination that prisoner's trial counsel was ineffective in failing to object that prejudicial effect of prior convictions outweighed probative value); and <u>Edmond v. State</u>, 341 S.C. 340, 534 S.E.2d 682, 2000 S.C. LEXIS® 148, 2000 WESTLAW® 823349 (2000)(counsel's failure to object to Assistant Solicitor's comments in closing argument about defendant's invocation of right to counsel constituted ineffective assistance of counsel). Ineffective assistance of counsel may arise out of a guilty plea proceeding, <u>James Harvey Jackson v. State</u>, 342 S.C. 95, 535 S.E.2d 928, 2000 S.C. LEXIS® 180, 2000 WESTLAW® 1153392 (2000)(ineffective assistance may be shown where attorney wrongly advised petitioner that charge was a misdemeanor; charge was, in fact, a felony), or a jury trial, <u>Dawkins v. State</u>, 346 S.C. 151, 551 S.E.2d 260, 2001 S.C. LEXIS® 145 (2001)(post-conviction relief granted because of ineffective assistance of counsel arising out of attorney's failure to object to hearsay testimony, in trial for criminal sexual conduct, that designated petitioner as the perpetrator of sexual offenses). These types of issues are often raised in post-conviction cases in South Carolina. *See, e.g.*, <u>Roberts v. State</u>, 361 S.C.1, 2-6, 602 S.E.2d 768, 769-771, 2004 S.C. LEXIS® 218 (2004); <u>Gene Tony Cooper, Jr. v. State</u>, 351 S.C. 207, 569 S.E.2d 330, 2002 S.C. LEXIS® 136 (2002); <u>Taylor v. State</u>, 312 S.C. 179, 439 S.E.2d 820, 1993 S.C. LEXIS® 241 (1993); and <u>Wilson v. State</u>, 315 S.C. 158, 432 S.E.2d 477, 1993 S.C. LEXIS® 124 (1993). Moreover, lack of jurisdiction can also be raised in an application for post-conviction relief. *See* <u>Weinhauer v. State</u>, 334 S.C. 327, 513 S.E.2d 840, 1999 S.C. LEXIS® 53 (1999); and <u>Campbell v. State</u>, 342 S.C. 100, 535 S.E.2d 928, 2000 S.C. LEXIS® 182 (2000).

conviction relief or dismisses the application for post-conviction relief, a prisoner *must* seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas, or federal collateral review of the grounds raised in his or her application for post-conviction relief will be barred by a procedural default. *See* <u>Whitley v. Bair</u>, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); <u>Mason v. Procunier</u>, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, <u>Mason v. Sielaff</u>, 471 U.S. 1009 (1985); and <u>Strader v. Allsbrook</u>, 656 F.2d 67, 68 (4th Cir. 1981). Moreover, some South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See, e.g.,* <u>Vaughn v. State</u>, 362 S.C. 163, 607 S.E.2d 72, 73-76, 2004 S.C. LEXIS® 296 (2004). Hence, the plaintiff's available remedies are: (1) his pending application for post-conviction relief; (2) an appeal (if necessary) in the post-conviction case, and a (3) petition for writ of habeas corpus under 28 U.S.C. § 2254 filed in federal court after the plaintiff has exhausted his state remedies.

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* Article V, Section 1 of the Constitution of the

12

State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272, 1989 S.C. LEXIS® 5 (1989); Cort Industries Corp. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and State ex rel. McLeod v. Civil and Criminal Court of Horry County, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[6] The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. See Article V, Section 4 of the Constitution of the State of South Carolina; and Bailey v. State, 309 S.C. 455, 424 S.E.2d 503, 1992 S.C. LEXIS® 239 (1992).

South Carolina Circuit Judges are judges in the State of South Carolina's unified judicial system. See In the Matter of Peeples, 297 S.C. 36, 374 S.E.2d 674, 1988 S.C. LEXIS® 140 (1988). As South Carolina Circuit Judges acting their official capacities, Judge Cooper and Judge Kinard are

---

[6]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. State ex rel. McLeod v. Civil and Criminal Court of Horry County, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

immune from suit in the above-captioned case because of judicial immunity.

See <u>Mireles v. Waco</u>, 502 U.S. 9, 116 L.Ed.2d 9, 112 S.Ct. 286, 288, 1991

U.S. LEXIS® 6225 (1991); <u>Stump v. Sparkman</u>, 435 U.S. 349, 351-364

(1978); <u>Pressly v. Gregory</u>, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South

Carolina inmate against two Virginia magistrates); and <u>Chu v. Griffith</u>, 771

F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely

immune from a claim for damages arising out of his judicial actions."). See

also <u>Siegert v. Gilley</u>, 500 U.S. 226, 114 L.Ed.2d 277, 287, 111 S.Ct. 1789,

1991 U.S. LEXIS® 2909 (1991)(immunity presents a threshold question which

should be resolved before discovery is even allowed); and <u>Mitchell v. Forsyth</u>,

472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather

than a mere defense to liability"). Accord <u>Bolin v. Story</u>, 225 F.3d 1234, 2000

U.S.App. LEXIS® 22501 (11th Cir. 2000)(discussing judicial immunity of

United States District Judges and United States Circuit Judges).

Barbara Scott, the Clerk of Court for Richland County, is immune from

suit because of quasi-judicial immunity. See <u>Cook v. Smith</u>, 812 F. Supp.

561, 562, 1993 U.S.Dist. LEXIS® 1854 (E.D.Pa. 1993); and <u>Mourat v.</u>

<u>Common Pleas Court of Lehigh County</u>, 515 F. Supp. 1074, 1076 (E.D.Pa.

1981). In <u>Mourat v. Common Pleas Court of Lehigh County</u>, the district court,

14

in a ruling from the bench, rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

Mourat v. Common Pleas Court for Lehigh County, supra, 515 F. Supp. at 1076. *See also* Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other

judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601, 1992 U.S.App. LEXIS® 17967 (7th Cir. 1992), *cert. denied*, Sceifers v. Vail, 506 U.S. 1062, 122 L.Ed.2d 152, 113 S.Ct. 1002, 1993 U.S. LEXIS® 252 (1993), *quoting* Scruggs v. Moellering, 870 F.2d 376, 377, 1989 U.S.App. LEXIS® 3635 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). *See also* Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel). *Cf.* Pink v. Lester, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir.1995), which overruled a 1972 case holding that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings. The case overruled by Pink v. Lester was McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972). As a result, if defendant Scott did not file the plaintiff's *pro se* motions in his criminal case pursuant to the holding in State v. Stuckey, 333 S.C. 56, 508 S.E.2d 564, 1998 S.C. LEXIS® 154 (1998), she is entitled to quasi judicial immunity.

Assistant Solicitor Vincent Smith has absolute prosecutorial immunity insofar as his actions in the plaintiff's criminal case are concerned. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Solicitors are elected by voters of

16

a judicial circuit. Prosecutors, such Assistant Solicitor Smith, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See* <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 125 L.Ed.2d 209, 113 S.Ct. 2606, 1993 U.S. LEXIS® 4400 (1993); <u>Burns v. Reed</u>, 500 U.S. 478, 114 L.Ed.2d 547, 561-562 & n. 6, 111 S.Ct. 1934, 1991 U.S. LEXIS® 3018 (1991); and <u>Dababnah v. Keller-Burnside</u>, 208 F.3d 467, 2000 U.S.App. LEXIS® 6114 (4th Cir. 2000).

Moreover, prosecutorial immunity will extend to the direct appeal and the post-conviction case. *See* <u>Bruce v. Wade</u>, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and <u>Henzel v. Gerstein</u>, 608 F.2d 654, 657 (5th Cir. 1979)(prosecutorial immunity extends to appeals). *Cf.* <u>Lowe v. Letsinger</u>, 772 F.2d 308, 314-315 & n. 7 (7th Cir. 1985); and <u>Houston v. Partee</u>, 978 F.2d 362, 365-369 & nn. 3-4, 1992 U.S.App. LEXIS® 27825 (7th Cir. 1992), *cert. denied*, <u>Partee v. Houston</u>, 507 U.S. 1005, 123 L.Ed.2d 269, 113 S.Ct. 1647, 1993 U.S. LEXIS® 2453 (1993). As a result, Attorney General McMaster is

also immune from suit for actions taken in connections with the plaintiff's post-judgment motion, post-conviction case, or other collateral attack.[7]

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.   *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd  v.  Baskerville,  supra,  712  F.2d  at  74;  28  U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should

---

[7]A "collateral attack" upon a state or federal conviction usually refers to an application for post-conviction relief or a petition for a writ of habeas corpus under 28 U.S.C. § 2254 or under 28 U.S.C. § 2241, or a motion or action brought under 28 U.S.C. § 2255.  The Supreme Court of the United States has pointed out that a prisoner who collaterally attacks his or her conviction has a higher hurdle to overcome in alleging errors during his or her trial (or guilty plea proceeding) than he or she confronts in a direct appeal. *See* Engle v. Isaac, 456 U.S. 107, 134-135 (1982).

review prisoner cases to determine whether they are subject to summary dismissal]. Since all four defendants are immune from suit, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

Charleston, South Carolina
June 22, 2005

Robert S. Carr
United States Magistrate Judge

19

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &

The **Serious Consequences** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**